IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:19-cv-03075-RM-KMT

ANGELA CARNEY,

    Plaintiff,

v.

ANTHEM LIFE INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the Court on Plaintiff Angela Carney's Motion to Remand ("Motion") based on assertions of lack of subject matter jurisdiction, specifically that this matter fails to meet the jurisdictional minimum for the amount in controversy under 28 U.S.C. §1332(a). Defendant Anthem Life Insurance Company filed a response in opposition ("Response"), and Plaintiff filed a reply. The matter is ripe for resolution. For the reasons set forth below, the Court denies the Motion.

**I.    BACKGROUND**[1]

This case involves long-term disability ("LTD") payments under an Employee Retirement Income Security Act ("ERISA") -exempt disability plan sponsored by El Paso County School District Two – Harrison ("Harrison"), Plaintiff's employer at the time of her alleged disability. (ECF No. 1-1, ¶¶ 2–7, 25–26, 40.)

---

[1] The following summary is solely for the purpose of providing context within which to consider the Motion. To the extent the parties dispute the allegations in Plaintiff's Complaint, this Order does not make any factual determinations and does not preclude those disputes.

Plaintiff initially filed a Complaint and Jury Demand ("Complaint") in the District Court of El Paso County, Colorado. (ECF No. 1-1.) She sought relief against Anthem on three counts: (1) breach of contract; (2) bad faith breach of insurance contract; and (3) violation of C.R.S. § 10-3-1115 with remedies provided by C.R.S. §10-3-1116. (ECF No. 1-1, at 8–11.) Plaintiff does not provide a specific amount she seeks to recover, but provides she seeks "all economic and noneconomic damages, statutory damages, attorney fees, costs, pre- and post-judgment interest." (ECF No. 1-1, at 11.) When she filed her Complaint, she attached a District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint ("Civil Cover Sheet"), which provided the Simplified Procedure under C.R.C.P. 16.1 did not apply to this case. (ECF No. 1-6, at 3.) She provided a Notice of Elect Exclusion from C.R.C.P. 16.1 Simplified Procedure ("Notice of Exclusion"), which did not provide a specific reason for excluding the case from C.R.C.P. 16.1, but appears to merely state a preference to exclude.

## II. DISCUSSION

The sole issue is whether this court has subject matter jurisdiction under 28 U.S.C. § 1332(a), specifically whether the amount in controversy requirement has been satisfied. In addition to diversity of citizenship, which is uncontested here, section 1332(a) requires the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

***McPhail* Burden Shifting Analysis.** The primary issue is the burden of proof each party bears and how it shifts from one to the other. Plaintiff argues Anthem is mistaken in citing *Dart Cherokee Basin Operating Co., LLC v. Owens* for the proposition that Anthem only needs to show a plausible allegation that the amount in controversy exceeds $75,000 to defeat a motion to remand. (ECF No. 24, at 2) 574 U.S. 81, 89 (2014). Plaintiff argues that this standard is true for a

*notice of removal*, but it is insufficient "when a plaintiff contests, or the court questions, the defendant's allegations." *Dart Cherokee*, 574 U.S. at 89. Therefore, the Court agrees Anthem's burden is at least greater than "plausible allegations." Thus, the Court must consider *some* evidence in determine whether a remand is warranted. However, the Supreme Court did not provide guidance with respect to how much evidence is required nor what type a court may consider.

The Tenth Circuit, however, has highlighted the "puzzle" created by requiring a defendant to provide evidence to support the amount in controversy once the allegations have been contested, noting "in most removal cases, there is little 'evidence' one way or another." *See McPhail v. Deer & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). The *McPhail* court summarized the difficulty any defendant would face given the time within which a defendant is required to file a notice of removal compared to the time a plaintiff has to respond to any discovery propounded. *McPhail*, 529 F.3d at 953. The court adopted the Seventh Circuit's reasoning to clarify "this jurisprudential mess" and held "[w]hat the proponent of jurisdiction must 'prove' is contested factual assertions [. . . j]uridiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.'" *Id.* (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41 (7th Cir. 2006)); *see also Meridian*, 441 F.3d at 540–43). The *McPhail* court clarified:

> *Meridian* eliminates the double standard that would come from misunderstanding what "preponderance of the evidence" requires. The proponent of federal jurisdiction must prove contested *facts*; and because a defendant has no control over the complaint, he cannot put a large sum of money in controversy simply by demanding it, as a plaintiff often can. But once those underlying facts are proven, a defendant (like a plaintiff) is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case.

*McPhail*, 529 F.3d at 954.

### 1. Anthem has satisfied its preponderance of the evidence burden

The only remaining question here is how can Anthem prove, by a preponderance of the evidence, that the amount in controversy is over $75,000 when Plaintiff's Complaint is silent?[2] The Tenth Circuit has that answer, too. Applying the rule that a defendant need only "prove" contested factual assertions, the Tenth Circuit provided:

> [T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done—[. . .] by calculation from the complaint's allegations[. . . . a]ny given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to [. . .] (what a judgment would be worth to the plaintiff, or what compliance with an injunction would cost the defendant). Once the estimate has been made [. . .] then the *St. Paul Mercury*[3] standard comes to the fore, and the case stays in federal court unless it is legally certain that the controversy is worth less than the jurisdictional minimum.

*Id*. The Tenth Circuit considered the notice of removal in reaching the conclusion that the defendant had "cited allegations in the complaint and represented that the amount in controversy in the case exceeded $75,000." *McPhail*, 529 F.3d at 956. The court rejected plaintiff's argument that since the complaint did not specify the total amount of damages she sought, stating "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail*, 529 F.3d at 955. Instead, the court held "in the absence of an explicit demand for more than $75,000, the defendant must show how much is in controversy" by establishing the complaint "presents a combination of facts and theories of recovery that may support a claim in excess of $75,000. . ." *McPhail*, 529 F.3d at 955.

As stated in the Complaint, Plaintiff seeks recovery under C.R.S. § 10-3-1116, which allows for recovery of up to "two times the covered benefit." (ECF No. 1-1, ¶ 73 (citing C.R.S.

---

[2] This should not be read to indicate impropriety on Plaintiff's part, because C.R.C.P. 8(a) provides, in relevant part, "[n]o dollar amount shall be stated in the prayer or demand for relief." Plaintiff simply complied.
[3] *St Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 586 (1938).

§10-3-1116).) The Tenth Circuit has held that damages in similar cases may reach "three times the covered benefit, [. . . because . . . t]he insured's recovery would be predicated on liability for two distinct causes of action—the insurer's breach of contract and its unreasonable delay or denial of a claim." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1230 (10th Cir. 2016).

The sum at issue is the LTD benefits that are allegedly payable to Plaintiff for thirty-one weeks beginning March 13, 2017, when LTD benefits were terminated, plus monthly Life Insurance Waiver of Premium benefits. (ECF Nos. 1, ¶13; 1-1, ¶¶ 40, 47.) Anthem argues possible recovery should be measured by multiplying Plaintiff's monthly pre-disability earnings of $3,161.58 by 60% to determine her monthly LTD benefits – $1,896.65. (ECF No. 23, at 3 n.1.) Multiply the monthly benefit by thirty-one – the number of months for which Plaintiff seeks LTD benefits – you reach a total LTD benefit payment of $60,702.33. (*Id.*) Multiply $60,702.33 by three and you reach final possible amount of Plaintiff's recovery – $182,106.99, well over the jurisdictional minimum. (*Id.*)

Plaintiff argues Anthem's calculation ignores her Social Security Disability Benefits (SSDIB), which would offset her monthly LTD benefits, making her monthly payout substantially smaller - $780/month for 31 months. (ECF No. 13, at 4; 24, at 2–3.) According to Plaintiff's math, even accounting for a possible recovery treble the alleged underlying LTD benefit, the total economic damages amounts to only $72,540. (ECF No. 13, at 4.)

At this time, the Court declines to reach the issue of whether and to what degree SSDIB offset affects Plaintiff's possible recovery. Suffice it to say that if Anthem is correct it has proven that Plaintiff's possible recovery meets the jurisdictional minimum by a preponderance of the evidence.[4] *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246–47 (10th Cir.

---

[4] Anthem argues the Court could also consider the Civil Cover Sheet and what it means to be exempt from C.R.C.P. 16.1. Courts may consider civil cover sheets as "other paper from which it may first be ascertained that the

2012) (collecting cases using "preponderance of the evidence" and "reasonable probability" interchangeably).

> 2. *Plaintiff has failed to prove it is legally certain she cannot recover more than $75,000*

Consequently, under *McPhail*'s burden-shifting analysis, Plaintiff must then be able to prove that it is legally certain she cannot recover more than $75,000. Plaintiff cannot nor does she attempt to. (*See* ECF No. 24, at 5) ("Defendant has not proven jurisdictional facts sufficient for this Court to exercise jurisdiction. As such, Plaintiff has no duty to prove that she cannot recover more than $75,000."). However, the parties raise three issues that could affect Plaintiff's possible recovery that must be addressed: (1) Anthem's May 17, 2017 letter; (2) the inclusion of attorney's fees in the amount in controversy calculation; and (3) whether and how Anthem's counterclaims affect the amount in controversy.

> a. <u>The May 17, 2017 Letter</u>

Plaintiff attaches a letter to her Motion that she received from Anthem dated May 17, 2017 (the "Letter"). (ECF No. 13-1.) The Letter[5] indicates that, in light of Plaintiff's reported SSDIB, the LTD benefits paid to Plaintiff under the Plan resulted in a $17,340.08 overpayment.

---

case is one which is or has become removable." *See Paros Properties LLC v. Colorado Casualty Ins. Co.*, 835 F.3d 1264, 1272–73 (10th Cir. 2016) (citing *Henderson v. Target Stores, Inc.*, 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006)); *see also* 28 U.S.C. § 1446(b). However, in both *Paros* and *Henderson*, the courts determined the civil coversheets were unambiguous as to the amount in controversy. That is not the case here. Plaintiff elected to exclude this case from the Simplified Procedure under C.R.C.P. 16.1 not because the amount in controversy exceeded $100,000 but for some other reason, which is Plaintiff may doe by establishing good cause for doing so. (ECF No. 1-5); *see also* C.R.C.P. 16.1(b), (d). The Civil Cover Sheet here is ambiguous and, standing alone, would not support a conclusion that Plaintiff believed her own case to be over more than $100,000; she simply didn't want the Simplified Procedure. *See Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007) ("reliance solely on the Civil Cover Sheet as a demonstration of the amount in controversy is not permissible, for several reasons"); *Livingston v. American Family Mut. Ins. Co.*, No. 07-cv-01896-JLK-MJW, 2007 WL 2601207, at *2 (D. Colo. Sept. 10, 2007) (declining use civil cover sheet as factual representation to determine jurisdictional amount).

[5] Under *McPhail*, the amount in controversy can be proven "by reference to the plaintiff's informal estimates or settlement demand." *McPhail*, 529 F.3d at 954 (quoting *Meridian*, 441 F.3d at 541–42). Conversely, it follows that a plaintiff could use a defendant's estimate of proper LTD benefit payments when establishing how possible recovery is limited after the burden of proof has shifted.

(*Id.*) Accordingly, Plaintiff argues that she would be entitled to a monthly benefit payout of $780 for thirty-one months. (ECF No. 13, at 4.) She supports her position by citing the Letter wherein Anthem identifies an overpayment and adjustment of Plaintiff's benefits retroactively. (ECF No. 13-1.) In other words, Plaintiff attempts to prove her future monthly LTD benefit payout by citing a past payout. Plaintiff has failed to prove how her calculations are more correct than Anthem's or, more importantly, that it is legally certain that her thirty-one-month recovery *could not* exceed $75,000.[6]

### b. Attorney's fees may be included

Anthem argues that Plaintiff's attorney's fees at the time of its filing the Notice of Removal should be included in the jurisdictional calculation. (ECF No. 23, at 3–5.) Specifically, Anthem argues that because there is so little wiggle room it is reasonable to conclude Plaintiff has racked up attorney's fees high enough to push the amount in controversy above $75,000 when using Plaintiff's own calculation of economic damages.[7] (ECF No. 3–4.) "The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citation omitted). Here, Plaintiff seeks recovery under C.R.S. § 10-3-1116, which includes recovery of reasonable attorney fees. *See* C.R.S. § 10-3-1116(1). Therefore, a reasonable estimate of attorney fees can be used in calculating the necessary jurisdictional amount in this removal proceeding. *See Miera*, 143 F.3d at 1340.

---

[6] Notably, dividing the adjusted benefit payout Anthem believed Plaintiff was entitled to ($23.562.40) by twenty-seven (number of months between December 3, 2014 and March 13, 2017), for twenty-seven months, Plaintiff should have received $872.68. The Court is unsure how Plaintiff reaches her $780/month figure.

[7] Anthem argues the Court should consider the amount of attorney's fees Plaintiff will likely pay in the future; however, the Court declines to speculate.

Plaintiff fails to respond to this argument. She does, however, provide a calculation of what she believes the maximum value of her case is - $72,540. (ECF No. 13, at 4.) Therefore, Plaintiff's attorney could have charged no more than $2,461 in fees prior to filing the Motion. Given the Colorado Bar Association's Economic Survey,[8] it would not be an unreasonable estimate that Plaintiff has incurred at least $2,461 in attorney's fees. Additionally, Plaintiff has not attempted to persuade this Court otherwise.

      c. <u>Anthem counterclaims would be subtracted from Plaintiff's possible recovery</u>

The Parties next dispute whether the Court should consider Anthem's counterclaims – seeking recovery for alleged overpayments of LTD benefits – and whether the potential counterclaim recovery should be added or subtracted from Plaintiff's possible recovery for the purpose of determining amount in controversy. Plaintiff argues that Anthem's counterclaims should be considered and subtracted from the amount in controversy. She cites *Bruce v. Pacific Specialty Ins. Co.*, 755 Fed. App'x 731, 735 (10th Cir. 2018) for the proposition that the Court should consider the "circumstances when the complaint was filed." (ECF No. 24, at 6.) Plaintiff argues she anticipated Anthem's counterclaims, which is why she pled she received SSDIB in the first place. (*Id.*)

However, *Bruce* is distinguishable from this case because the court refused to dismiss the case for lack of subject matter jurisdiction action after a bulk of claims had been dismissed, reducing the amount of damages plaintiff could have recovered. *Id.* at 734–35. *Bruce* does not stand for the proposition that the Court should consider all possible extraneous circumstances that may or may not exist at the time of filing. Instead, *Bruce* supports the conclusion that the

---

[8] *See Home Loan Investment Co. v. St. Paul Mercury Ins. Co.*, 78 F. Supp. 3d 1307, 1318 (D. Colo. 2014).

Court should consider the circumstances surrounding the *pleadings* and, in this case, the Complaint and the Notice of Removal.

Notably, *Bruce* favorably cites *Miera* for the proposition that "[o]nce jurisdiction has attached, events subsequently defeating it by reducing the amount in controversy are unavailing." *Bruce*, 755 Fed. App'x at 735 (quoting *Miera*, 143 F.3d at 1340) (internal quotation marks omitted). If it is true that the counterclaims would reduce the amount in controversy to defeat subject matter jurisdiction, then is follows that Anthem filing its counterclaims is a subsequent event that would reduce the amount in controversy contravening *Miera*. *See also Thrash v. New England Mut. Life Inc. Co.*, 534 F. Supp. 2d 691, 696–97 (S.D. Miss. 2008) (collecting cases holding counterclaim should not be used in calculating the amount in controversy); *Id.* Plaintiff provides no case law to suggest that courts must be clairvoyant and determine at the time the complaint is filed whether a defendant could bring a counterclaim. Even if the Court could consider it, Plaintiff has not proven that it is legally certain that this reduction would limit Plaintiff's possible recovery to below $75,000. *See Horseback, Inc. v. Tabet*, 203 F.3d 835 (Table), at *5 n.6 (10th Cir. 2000) (cannot say that it "appears to a legal certainty" that the amount in controversy is less than the jurisdictional amount) (citing *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998)).

Despite Plaintiff's arguments, Anthem has in fact proven by a preponderance of the evidence that Plaintiff stands to recover more than the section 1332(a) jurisdictional minimum, and Plaintiff has not proven that it is legally certain she cannot recover $75,000.

### III. CONCLUSION

Based on the foregoing, it is ORDERED

(1) That Plaintiff Angela Carney's Motion for Remand (ECF No. 13) is DENIED; and

9

(2) That after conferring with each other, and within ten (10) days of the entry of this Order on or before 4:30 p.m., Monday, May 4, 2020, counsel shall contact the Court to set up a scheduling conference in accordance with Fed. R. Civ. P. 16(b).

DATED this 22nd day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge